UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WILLIAM MANUEL HERNANDEZ-MONTES DE OCA,

                                    Petitioner,

                v.

ACTING WARDEN OF THE ADELANTO DETENTION CENTER et al.,

                                    Respondents.

Case No. 5:26-cv-03277-MAR

ORDER ON PETITION FOR HABEAS CORPUS

## I.

## **INTRODUCTION**

On June 12, 2026, William Manuel Hernandez-Montes De Oca ("Petitioner"), by and through counsel, filed an Petition for Writ of Habeas Corpus ("Petition") by a Person in Federal Custody pursuant to 28 U.S.C. § 2241.  ECF Docket Nos. ("Dkt.") 1.  Petitioner argues his detention in Immigration and Customs Enforcement ("ICE") custody without a pre-deprivation hearing violates his Fifth Amendment due process rights, the Immigration and Nationality Act (INA) and the Accardi doctrine.

Petitioner seeks release.  Id. at 19–20.[1]  Respondents have filed an Answer.  Dkt. 7.  For the reasons set forth below, the Petition is **GRANTED**.

## II.

## BACKGROUND[2]

Petitioner is a native and citizen of Guatemala who entered the United States in 2000.  Dkt. 1 ("Pet") at 5.  Petitioner was admitted to United States in 1993.  Pet. at 5.  In 1996 he was placed in removal proceedings and the Immigration Judge granted Petitioner voluntary departure.  Id.  Petitioner re-entered the United States in 2000 and has remained in the United States since that time.  Petitioner is married to a United States citizen and has two United States citizen children.  Id. at 6.  Petitioner applied for relief under the Violence Against Women Act ("VAWA") in October 2025.  Id. at 6, 27.  On April 24, 2026, Petitioner appeared for a biometrics collection appointment related to his application.  Several days later her received another correspondence from United States Citizenship and Immigration Services ("USCIS") requesting he appear for a second biometrics appointment.  Petitioner's picture was taken, and he was arrested without any explanation, warrant, or notice.  Id.  On May 15, 2025, Respondents "summarily 'reinstated' the 1996 order of removal" without providing Petitioner an opportunity to contact a lawyer or to provide an explanation or a defense.  Id.  Although the asylum officer found Petitioner himself credible, Petitioner was issued a "negative credible fear determination."  Id.

On June 5, 2026, Petitioner filed a Petition for Review with the Ninth Circuit.  On or about June 6, 2026, the Ninth Circuit issued a temporary stay of removal, which remains in effect.  Id. at 7.  Nevertheless, Petitioner's custody status was

---

[1] All citations to electronically filed documents refer to the CM/ECF pagination.

[2] The background provided herein arises from the allegations in the Petition and attached exhibits, which Respondents do not contest.  The Court considers the facts alleged by Petitioner to be undisputed and conceded for purposes of ruling on the Petition.  See C.D. Cal. L.R. 7-12; Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that courts must assume undisputed facts alleged in a habeas petition are true).

"summarily continued without individualized consideration." Id.  Respondents did not place Petitioner on an order of supervision and continue to maintain Petitioner is subject to detention.  Id.

On June 12, 2026, Petitioner filed the instant Petition.  Petitioner challenges his detention as a violation of his Fifth Amendment rights to due process because it is not reasonably tied to the primary purpose of immigration detention–his removal. Pet. at 16.  He also alleges his re-detention without notice or a hearing violates his due process rights.  Id. at 17.  Petitioner's third claim is that his detention lacks statutory authority under 8 U.S.C. § 1231 because the Ninth Circuit has issued a stay of removal pending the court's review of the removal order.  Id. at 18–19.  His fourth claim is that Respondents failed to follow their own regulations, which favor release absent exceptional circumstances.  Id. at 19.

Petitioner asks the Court to order his immediate release; order Respondents not to arrest and re-detain Petitioner without a proper finding that he has committed a violation of the conditions of release or removal has become reasonably foreseeable; order Respondents not to revoke Petitioner's grant of release without providing prior written notice, an opportunity to respond, and the opportunity to be represented by counsel prior to deprivation of liberty.  Pet. at 19–20.

Respondents filed an answer on June 22, 2026.  Dkt. 7, Answer.  Respondents affirmatively state that they are "not presenting an opposition argument" to the Petition.  Id.  Petitioner filed a reply.  Dkt. 8, Reply.  Thus, the matter stands submitted.

## III.

## LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to

3

aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.' "").  In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence.  Lambert v. Blodgett, 393 F.3d 943, 970 n.16 (9th Cir. 2004); Bellew v. Gunn, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## IV.

## DISCUSSION

Consistent with recent decisions by this District and others, the Court finds that Petitioner's re-detention—without notice or a meaningful opportunity to be heard—violates procedural due process.

## A.  DUE PROCESS

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law.  See U.S. Const., amend. V.  There is no question that these protections extend to noncitizens present in the United States.  See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)); Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and brackets omitted)).  Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ."  Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation."  Zinermon v. Burch, 494 U.S. 113, 127 (1990).  Indeed, the Due Process Clause provides both procedural and substantive protections.  See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of

government action: violations of substantive due process and procedural due process." (internal quotation marks omitted)).  To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976).  See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)).  Under Matthews, courts weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

In addition to the procedural protections of the Due Process Clause, "[s]ubstantive due process protects individuals from state action that interferes with fundamental rights."  Regino, 133 F.4th at 959-60.  Governmental action that infringes a fundamental right is constitutional only if "the infringement is narrowly tailored to serve a compelling state interest."  Reno v. Flores, 507 U.S. 292, 302 (1993).  By contrast, governmental action that does not infringe a fundamental right survives "substantive-due-process scrutiny so long as [the action is] rationally related to legitimate government interests."  Stormans, Inc. v. Wiesman, 794 F.3d 1064, 1085 (9th Cir. 2015) (internal quotation marks omitted).  To assess whether there has been a violation of a fundamental right, courts must begin with "a careful description of the asserted fundamental liberty interest."  Washington v. Glucksberg, 521 U.S. 702, 721 (1997) (internal quotation marks omitted).  With that careful description in mind, courts must then decide whether the asserted interest is "objectively, deeply rooted in

this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if it was sacrificed." Khachatryan v. Blinken, 4 F.4th 841, 858 (9th Cir. 2021) (internal quotation marks and brackets omitted).

**B.     ANALYSIS**

As set forth above, Petitioner contends that his continued detention violates the Due Process Clause of the Fifth Amendment because his removal is not reasonably foreseeable. Pet. at 7, 18. Indeed, it is undisputed that Petitioner was granted a stay of removal by the Ninth Circuit. Id. at 3, 7, 19. It is also undisputed that Petitioner is entitled to due process protections based on his liberty interest created by living and working in the United States for over twenty-five years. See, e.g., Tinoco v. Noem, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Garcia v. Andrews, 2025 WL 1927596, at *4 (E.D. Cal. July 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.").

Respondents expressly declined to oppose Petitioner's claims or the relief sought and "are not presenting an opposition argument to the Petition at this time." Dkt. 7. Accordingly, Respondents have consented to the relief sought in the Petition. See C.D. Cal. L.R. 7-12; Singh v. Chiang, 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) ("The court construes the government's failure to address this argument as a concession to petitioner's argument."); Soleimani v. Larose, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) ("By failing to respond to the claims actually asserted, Respondents have conceded the claims."); Stepan Vladimirovich Makarov,

6

Petitioner, v. Todd Blanche, et al., Respondents., No. 5:26-CV-02744 DSR, 2026 WL 1710373, at *3 (C.D. Cal. June 10, 2026) ("The Court construes Respondent's categorical declining to respond to the merits of the Petition as consent to granting the relief requested.").

Based on the foregoing, the Court concludes that Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment. See Zadvydas, 533 U.S. at 699 ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Court further concludes that "Petitioner's release is necessary to return him to the status quo." Nazarian v. Noem, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025). The status quo is "the last uncontested status which preceded the pending controversy." GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000) (internal quotation marks omitted). The last uncontested status here is Petitioner's release without conditions. See Nazarian, 2025 WL 3236209, at *7 ("The last uncontested status in this case is Petitioner's release on his second OSUP before his current re-detention."). "Accordingly, Petitioner's release from custody is the appropriate remedy." Id.

Finally, the Court notes that Petitioner also requested an award of reasonable attorney's fees and costs under the EAJA. The Court will consider an application under the EAJA that is filed within 30 days of entry of final judgment in this action. See Rahimi v. Semaia, 2026 WL 246066, at *3 (C.D. Cal. Jan. 27, 2026) ("The Court will consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within 30 days of final judgment in this action.").

///
///
///
///
///

IV.

ORDER

**IT IS THEREFORE ORDERED**:

(1) the Petition is **GRANTED**;

(2) Respondents are **ORDERED** to immediately release Petitioner **William Manuel Hernandez-Montes De Oca (A-Number 072-530-442)** from custody, under reasonable conditions of supervision;

(4) Respondents are **ORDERED** to return all of Petitioner's belongings, including his identification documents, work authorization documents, and other possessions;

(5) Respondents are **ORDERED** to file a statement within one business day of Petitioner's release, attesting to Respondents' compliance with this Order;

(6) Respondents are **ORDERED** to not arrest or re-detain Petitioner without a finding by a neutral arbiter that he has committed a violation of the conditions of release or removal has become reasonably foreseeable.

(7) Respondents are **ORDERED** to not arrest or re-detain Petitioner without providing prior written notice, an opportunity to respond, and the opportunity to be represented by counsel prior to deprivation of liberty.

Dated:  July 1, 2026

HONORABLE MARGO A. ROCCONI
United States Magistrate Judge

8